IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD NUCKOLLS and | ) | |
| JOANN NUCKOLLS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV307-T |
| | ) | [WO] |
| FIDELITY AND GUARANTY | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Upon consideration of the defendant's Motion To Compel, filed on 21 November 2005 (Doc. # 15), and for good cause, it is

ORDERED that the motion is DENIED.

The resolution of this motion is governed by the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference*

before seeking court intervention.  Discovery motions filed pursuant to these Rules ***must be accompanied by a certification*** that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference[1] to facilitate a good faith effort to settle the dispute.

The court construes defendant's representation that counsel "has informally conferred with plaintiffs' counsel  - by both telephone calls and a written letter" as the required certification.  In so doing, the court notes that defendant's counsel's principal offices are located in Mobile, Alabama, while plaintiff's counsel's principal offices are located in Eufaula, Alabama and Birmingham, Alabama.

Thus, the plaintiff's failure to respond or object to the discovery during the seven months since the discovery was requested on 5 May 2005 is ample grounds for granting the motion.  The court reminds the plaintiff that, inasmuch as objections to discovery must be filed within the time permitted to answer the discovery, objections are now moot.  Accordingly, it is further ORDERED as follows:

1. On or before 7 December 2005, the plaintiff shall serve upon counsel for the defendant full and complete responses to the defendant's Interrogatories and Requests for Production which were served on 5 May 2005.

2. For the reasons stated herein, all objections to the discovery are hereby deemed

---

[1]For lawyers who live in different cities, "in-person" includes telephone conferences.  The objective of the rule is to encourage lawyers to speak with each other, rather than write to each other.

    moot.

3.    On 9 December 2005, the defendant shall file a Notice of Compliance with the Clerk of the Court, reflecting the plaintiff's compliance with this order.

DONE this 22nd day of November, 2005.

    /s/ Vanzetta Penn McPherson
    VANZETTA PENN MCPHERSON
    UNITED STATES MAGISTRATE JUDGE